# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO. 19-cr-00043-YGR-5 |
| Plaintiff, | |
| vs. | **ORDER DENYING IN PART MOTION TO REVOKE PRETRIAL RELEASE** |
| **PAUL RIVERA,** | Re: Dkt. No. 51 |
| Defendant. | |

Having carefully considered the papers submitted, oral argument by counsel during the hearings on March 21, 2019 and March 25, 2019, and testimony from proposed custodians Tina and Darrell Briggs, the Court hereby **DENIES IN PART** the government's motion to revoke the pretrial release order as to defendant Paul Rivera.[1] (Dkt. No. 51.) The Court **APPROVES** as custodian and surety, Tina Briggs, in addition to Darrell Briggs ("Custodians"). The Court **FINDS** proposed sureties Maria Rivera and Squirrelisha Rivera unfit to serve in that role. The Court also **IMPOSES** the following conditions of Mr. Rivera's pretrial release:[2]

(1) house arrest and location monitoring – defendant may leave the Custodians' home only for court appearances, medical appointments, and programs approved by pretrial services, including counseling and drug testing;

(2) mandatory participation in an online education program, using only a computer approved by pretrial services and monitored by a service selected by the Court;

---

[1] This denial, and therefore Mr. Rivera's release, shall be effective upon execution of the $100,000 bond, $50,000 of which is to be secured, by Tina and Darrell Briggs. The Court hereby **SCHEDULES** for **9:30 a.m.** on **Monday, April 1, 2019**, an opportunity for Tina and Darrell Briggs to sign the bond before Magistrate Judge Ryu.

[2] These conditions are in addition to those imposed on the unsigned bond form dated February 28, 2019, which Judge Ryu stayed pending the government's instant motion.

(3) other than the aforementioned approved computer, all other devices in the Custodians' home, including but not limited to smartphone and tablets, shall be password-protected and Mr. Rivera shall not have access to those passwords or the devices themselves;

(4) no access to a telephone without approval by Custodians;

(5) provision of defendant's username and password to pretrial services for all existing social media accounts belonging to Mr. Rivera; and

(6) no visitors to the Custodians' home other than those approved by the Custodians.[3]

This Order terminates Docket Number 51.

**IT IS SO ORDERED.**

Dated: March 29, 2019

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[3] The Custodians should be prepared to provide a list of approved visitors to pretrial services.

2